IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, #342162 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv259 |
| CHRISTINA MELTON CRAIN, ET AL. | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the complaint should be dismissed with prejudice for purposes of *in forma pauperis* proceedings pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit.

The Plaintiff's long history of frivolous litigation was discussed by the Northern District of Texas in *Diez v. Seargent*, No. 5:00-CV-192 C (N.D. Tex. July 31, 2000) (no appeal). The Plaintiff admitted in his objections that the case was dismissed pursuant to § 1915(g) and that he did not appeal the decision. The Court notes that the Plaintiff correctly pointed out that one of his prior cases listed as dismissed as frivolous was not Civil Action No. 1:95-CV-009-C, when it should have been listed as Civil Action No. 1:95-CV-008-C. Otherwise, all of the other cases noted in the Report

and Recommendation as counting as a "strike" were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  The Plaintiff also complained that cases were counted as frivolous when he mistakenly filed them as civil rights lawsuits, as opposed to habeas corpus cases.  Such mistake, however, warranted their dismissal as frivolous, and the cases were appropriately counted as "strikes."  *See, e.g., Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998); *Vardas v. Stringfellow*, 78 Fed. Appx. 366 (5th Cir. 2003); *Rutherford v. Disciplinary Case, #20010264394*, 67 Fed. Appx. 242 (5th Cir. 2003).  A *de novo* review of all of the Plaintiff's lawsuits reveals that he has had at least three cases dismissed as frivolous and/or for failure to state a claim upon which relief may be granted before he filed this lawsuit.  The § 1915(g) bar is applicable.  The facts as alleged do not give rise that the Plaintiff was under imminent danger of serious physical injury, thus the exception to § 1915(g) is not triggered by the facts of this case.  Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.  It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).  The Plaintiff may resume his lawsuit if he pays the entire filing fee of $250 within thirty days from the entry of this Order.  All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 12th day of August, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

2